**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

JOYCE HOMICZ,

      Plaintiff,

v.

VALENTINE & KEBARTAS, INC., a Massachusetts corporation,

      Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff, Joyce Homicz, is a natural person.

8. The Plaintiff resides in the City of Golden, County of Jefferson, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Defendant, Valentine & Kebartas, Inc. is a Massachusetts corporation operating from an address at 15 Union Street, Lawrence, Massachusetts, 01840.

11. The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

12. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. The Defendant is licensed as a collection agency by the state of Colorado.

14. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

15. The Defendant regularly attempts to collect debts alleged to be due another.

## **FACTUAL ALLEGATIONS**

16. Sometime before 2009 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account (hereinafter the "Account").

17. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. The Account went into default with the original creditor.

19. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

20. The Plaintiff disputes the Account.

21. The Plaintiff requests that the Defendant cease all further communication on the Account.

22. In the year prior to the filing of the instant action the Defendant and / or representatives, employees and / or agents of the Defendant made telephone call(s) to the Plaintiff and left voicemail message(s) for the Plaintiff.

23. In the year prior to the filing of the instant action the Plaintiff called the Defendant and / or representatives, employees and / or agents of the Defendant in response to the telephone call(s) and voicemail message(s).

24. The purpose of these telephone call(s) and voicemail message(s) was to attempt to collect the Account.

25. The telephone call(s) and voicemail message(s) conveyed information regarding the Account directly or indirectly to the Plaintiff.

26. The telephone call(s) and voicemail message(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

27. The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant made telephone call(s) to the Plaintiff was to attempt to collect the Account.

28. The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

29. The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant received telephone call(s) from the Plaintiff was to attempt to collect the Account.

30. The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant left voicemail message(s) for the Plaintiff was to attempt to collect the Account.

31. During the communication(s) the Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account called the Plaintiff on her work cellular telephone after the Plaintiff told the Defendant and / or representatives, employees and / or agents of the Defendant not to call her on her work cellular telephone and that her employer did not allow her to receive the calls on her work cellular telephone.

32. In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account caused the Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass the Plaintiff.

33. In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account engaged the Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass the Plaintiff.

34. The Defendant kept written documentation and / or computer record(s) that document telephone call(s) to the Plaintiff on the Account, voicemail message(s) left for the Plaintiff on the Account and telephone call(s) from the Plaintiff to the Defendant on the Account in the year prior to the filing of the instant action.

35. The Defendant and its representatives, employees and / or agents statements and actions constitute harassment or abuse and therefore violate FDCPA 1692c(a)(1) and c(a)(3).

36. The Defendant and its representatives, employees and / or agents statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface and d(5).

37. The Defendant and its representatives, employees and / or agents statements and actions constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

38. The Defendant's statements and actions as well as that of its representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

39. As a consequence of the Defendant's collection activities and communications, the Plaintiff has sustained actual damages.

## RESPONDEAT SUPERIOR

40. The representatives and / or collectors at the Defendant were employees of the Defendant at all times mentioned herein.

41. The representatives and / or collectors at the Defendant were agents of the Defendant at all times mentioned herein.

42. The representatives and / or collectors at the Defendant were acting within the course of their employment at all times mentioned herein.

43. The representatives and / or collectors at the Defendant were acting within the scope of their employment at all times mentioned herein.
44. The representatives and / or collectors at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.
45. The representatives and / or collectors at the Defendant were under the direct control of the Defendant at all times mentioned herein.
46. The actions of the representatives and / or collectors at the Defendant are imputed to their employer, the Defendant.
47. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## **COUNT I, FDCPA VIOLATIONS**

48. The previous paragraphs are incorporated into this Count as if set forth in full.
49. The acts and omissions of the Defendant and its representatives, employees and / or agents constitute violations of the FDCPA, including but not limited to § 1692c(a)(1), c(a)(3), § 1692d preface, d(5) and § 1692f preface.
50. Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## **JURY TRIAL DEMAND**

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## **PRAYER**

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

                                       Respectfully submitted,

                                       _s/ David M. Larson_____
                                       David M. Larson, Esq.
                                       405 S. Cascade Avenue, Suite 305
                                       Colorado Springs, CO 80903
                                       (719) 473-0006
                                       Attorney for the Plaintiff